IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GHJ HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 5:10-cv-206-TJW |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| CHURCH & DWIGHT CO., INC. | § | |

# ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Church & Dwight Co., Inc. ("Church & Dwight") generally denies all the allegations in the Complaint except as admitted below.

## Nature of the Case

1. Admitted.

## Parties

2. Church & Dwight lacks knowledge or information sufficient to form a belief about the truth of this allegation.

3. Admitted.

## Jurisdiction and Venue

4. Admitted.

5. Admitted.

6. Admitted that Church & Dwight has sold the products that are specifically named in the First Amended Complaint in this District. The remaining allegations in this paragraph are denied.

7. Admitted.

**Facts**

8. Admitted that U.S. Patent Nos. 5,037,639 (the " '639 Patent") and 5,107,470 (the " '470 Patent") are expired. Admitted that Church & Dwight formerly marked Arm & Hammer® Complete Care Toothpaste Extra Whitening, Arm & Hammer® Age Defying Fluoride and Liquid Calcium, and Arm & Hammer® Extra Fresh Fridge Fresh® (collectively, the "Arm & Hammer® products") with patents which included at least one of the Patents-in-Suit. The remaining allegations in this paragraph are denied.

9. Admitted that the'639 Patent issued on August 6, 1991 and expired no later than May 24, 2009. The remaining allegations in the paragraph are denied.

10. Admitted that the'470 Patent issued on April 21, 1992 and expired no later than March 12, 2010. The remaining allegations in the paragraph are denied.

11. Denied.

12. Denied.

13. Church & Dwight lacks knowledge or information sufficient to form a belief about the truth of the allegations that it, or its counsel, or the counsel that prosecuted the Patents-in-Suit, are "large" or "sophisticated." The remaining allegations in this paragraph are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**Alleged Injury in Fact to the United States**

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Claim

35. Denied.

## Prayer For Relief

36. Admitted that the plaintiff requests this Court do the acts stated. The remaining allegations in this paragraph are denied, including that judgment should be entered against Church & Dwight, that a civil monetary fine should be paid, that this case is “exceptional,” and that any order to cease should be made.

## Jury Demand

37. Admitted that the plaintiff purports to demand a jury trial.

## Defenses

38. The First Amended Complaint fails to state a claim upon which relief can be granted.

39. The First Amended Complaint fails to meet the pleading requirements of Rules 8(a) and 9(a).

40. The First Amended Complaint fails to join a party required under Rule 19; namely, one or more relators in (1) *San Francisco Technology Inc. v. Church & Dwight Co., Inc.* Case No. 2:10-cv-03918-JF (E.D. Pa.) (originally filed as *San Francisco Technology Inc. v. Glad Products Co. et al.*, no. 5:10-cv-966-JF (N.D. Cal.)); (2) *Hirschhorn v. Church & Dwight Co., Inc.*, Case No. 2:10-CV-1156-JF (E.D. Pa.); (3) *Main Hastings, LLC v. Church & Dwight Co., Inc.*, Case No. 2:10-cv-00550-TJW (E.D. Tex.).

41. The plaintiff and/or the United States is estopped from asserting this claim because another relator has asserted it; namely, one or more prior relators in (1) *San Francisco Technology Inc. v. Church & Dwight Co., Inc.* Case No. 2:10-cv-03918-JF (E.D. Pa.) (originally filed as *San Francisco Technology Inc. v. Glad Products Co. et al.*, no. 5:10-cv-966-JF (N.D. Cal.)); (2) *Hirschhorn v. Church & Dwight Co., Inc.*, Case No. 2:10-CV-1156-JF (E.D. Pa.); (3) *Main Hastings, LLC v. Church & Dwight Co., Inc.*, Case No. 2:10-cv-00550-TJW (E.D. Tex.).

42. The relief sought is barred by the statute of limitations.

43. The relief sought is barred by laches.

44. 28 U.S.C. § 292(b) violates the "take care" clause in Article II § 3 of the U.S. Constitution.

45. Adjudication of this matter would subject Church & Dwight to double jeopardy in violation of the Fifth Amendment of the U.S. Constitution because of the adjudication of the previously filed cases of (1) *San Francisco Technology Inc. v. Church & Dwight Co., Inc.* Case No. 2:10-cv-03918-JF (E.D. Pa.) (originally filed as *San Francisco Technology Inc. v. Glad Products Co. et al.*, no. 5:10-cv-966-JF (N.D. Cal.)); (2) *Hirschhorn v. Church & Dwight Co., Inc.*, Case No. 2:10-CV-1156-JF (E.D. Pa.); (3) *Main Hastings, LLC v. Church & Dwight Co., Inc.*, Case No. 2:10-cv-00550-TJW (E.D. Tex.).

Dated: March 15, 2011

Respectfully submitted,

*/s/ Robert W. Ashbrook, Jr.*
*(with permission by Jennifer Parker Ainsworth)*
Robert W. Ashbrook Jr.
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2215 Telephone
(215) 655-2215 Facsimile
robert.ashbrook@dechert.com

Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000 Telephone
(903) 509-5092 Facsimile
jainsworth@wilsonlawfirm.com

ATTORNEYS FOR DEFENDANT
CHURCH & DWIGHT CO., INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 15th day of March, 2011.

*/s/ Jennifer P. Ainsworth*_______
Jennifer P. Ainsworth